NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 26, 2007
Decided August 5, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-2127

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin |
| *v.* | No. 06-CR-193-C-01 |
| ERIC A. OLSON, *Defendant-Appellant*. | Barbara B. Crabb, *Chief Judge*. |

**O R D E R**

On February 14, 2007, Eric Olson pleaded guilty to a two-count federal indictment charging him with manufacturing and possessing child pornography using media that had traveled in interstate commerce. He entered his guilty plea on the condition that he could later appeal the district court's denial of his motion to dismiss both charges on the grounds that the statutes he allegedly violated, 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B), were unconstitutional as applied to his case. His appeal presents those arguments, as well as his alternative position that his sentence must be vacated because the district court used the wrong version of the U.S. Sentencing Guidelines, in violation of the *ex post facto* clause of the Constitution, and imposed

an unreasonable sentence. Prior decisions of this court have definitively rejected each of Olson's constitutional arguments, and the district court's choice of sentence was not unreasonable.

**I**

Following a two-month undercover investigation of Olson for suspected involvement with child pornography, FBI agents obtained a warrant to search Olson's home and computer. During the search, which was executed on July 25, 2006, agents discovered more than 120,000 graphic images and 274 video files from his computer hard drive with 750 images that matched a set of unknown victims. Law enforcement officers also found in Olson's bedroom DVDs that contained 133 images matching known victims. Those images and files were the basis of the possession charge. The manufacturing charge stemmed from a 20-minute video tape, dated September 3, 2003, depicting Olson having sexual contact with a minor female, who was approximately three or four years old at the time of the taping. The agents also found 68 images on Olson's computer hard drive portraying Olson involved in sexual contact with the same girl depicted in the 20-minute video. Those photographs were dated April 29, 2006.

Olson moved to dismiss the indictment, arguing that the federal statutes under which he was charged, 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B), violated the Commerce Clause of the U.S. Constitution as applied to his case. Those two provisions ban the manufacturing and possession of child pornography recorded on media that have traveled at any time in interstate commerce. Olson argued that those statutes exceeded Congress's constitutional authority, because the pornography was manufactured and possessed exclusively at his home in Wisconsin; the only alleged movement in interstate commerce was the traveling of blank media manufactured outside the state of Wisconsin. In other words, he argued, the items that actually traveled across state lines were perfectly legitimate; only his subsequent, entirely intrastate activity converted them to pornography and rendered them unlawful.

The district court rejected Olson's position that the movement across state lines of blank tapes, DVDs, and an empty hard drive was an insufficient nexus to interstate commerce to permit Congress to criminalize the activity of using those media to manufacture and possess illicit images. Olson preserved the challenge for appeal, pleaded guilty to both counts, and was sentenced to 240 months in prison on Count One (manufacturing) and 120 months on Count Two (possessing), with 20 months of the latter term to run consecutively to the former. A term of three years' supervised release was to follow the possession conviction, with lifetime supervision imposed for the manufacturing conviction. Olson renews his challenge to the statutes' constitutionality on appeal; in the alternative, he challenges his sentence.

**II**

Olson challenges two specific statutory provisions: 18 U.S.C. §§ 2251(a) and 2252(a)(4)(B). When Olson filed, briefed, and argued this appeal, we already had upheld the latter provision against similar arguments, concluding that no Commerce Clause problem results from punishing the purely intrastate possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), where the physical medium onto which the visual depictions are copied has traveled through interstate commerce. *United States v. Angle*, 234 F.3d 326, 335-38 (7th Cir. 2000). In upholding the statute in *Angle*, we applied the "market theory" approach, concluding that the statute "prohibits intrastate activity that is substantially related to the closely regulated interstate market of child pornography." *Id.* at 338. The criminal statute is part of a scheme reasonably related to stamping out that illicit interstate market. Olson has provided us with no compelling reason to overturn *Angle*, and that case forecloses his argument against the application of § 2252(a)(4)(B) to his case.

The Supreme Court's decision in *Gonzales v. Raich*, 545 U.S. 1 (2005), makes this even more apparent today than it was when we decided *Angle*. There the Court held that it does not violate the Commerce Clause to use the federal Controlled Substances Act to criminalize the purely intrastate manufacture and possession of marijuana for medical purposes, even when state law allows such use. Though Olson has argued in this court that *Raich* ought not control our analysis, his position is unconvincing, particularly because the Supreme Court has expressly instructed the circuits to consider *Raich* when deciding this issue. See *United States v. Smith*, 402 F.3d 1303 (11th Cir. 2005), and *United States v. Maxwell*, 386 F.3d 1042 (11th Cir. 2004), each of which had held that applying § 2252(a)(4)(B) to purely intrastate manufacture or possession of pornography was unconstitutional because of an insufficient jurisdictional nexus in the statute, and each of which was vacated by the Supreme Court with instructions "for further consideration in light of . . . *Raich*." 546 U.S. 801 (2005); 545 U.S. 1125 (2005). On remand, the Eleventh Circuit reversed the prior decisions in both cases, finding § 2252(a)(4)(B) constitutional on its face and as applied to the intrastate activity at issue. 459 F.3d 1276 (11th Cir. 2006); 446 F.3d 1210 (11th Cir. 2006). We continue to follow *Raich* and *Angle* and reject Olson's challenge to § 2252(a)(4)(B).

Though *Angle*'s analysis directly addressed only § 2252(a)(4)(B), the district court in this case concluded that *Angle* controlled the analysis with respect to both of the challenged statutes, because its reasoning applied just as well to the purely intrastate manufacturing of child pornography as to the purely intrastate possession of it. A recent decision of this court confirmed the district court's conclusion. In *United States v. Blum*, --- F.3d ----, No. 07-3154, 2008 WL 2738065 (7th Cir. July 15, 2008), we had our first occasion squarely to confront the constitutionality of § 2251(a).

Blum, like Olson, was charged under this provision after a search warrant executed in his home yielded a Panasonic mini-DV tape, on which Blum had recorded himself committing child sexual assault over a two-day period in July 2006 with a child who was approximately three years old. *Blum*, sl. op. at 2. Blum also admitted to sexually assaulting three other girls between the ages of 3 and 5 that same summer, one of whom was the child on the tape. Like Olson, Blum argued that because the pornography was manufactured in his home in Wisconsin for his private viewing and possession, it was unrelated to interstate commerce. Only the blank mini-DV tapes traveled across

state lines, he maintained, and so his activity was not within the federal government's reach under the Commerce Clause. Following the reasoning of *Angle* and *Raich*, we rejected Blum's position. *Blum*, sl. op. at 2-8. The same reasoning applies to Olson's identical challenge, and so it, too, must fail.

### III

Olson also challenges his sentence on several grounds. First, he contends that the district court violated the *ex post facto* clause when, to determine Olson's sentence on Count One, it used the 2006 Sentencing Guidelines (in place at the time of sentencing) instead of the 2002 Guidelines (in place at the time of the offense). This argument is also foreclosed by the law of the circuit. In *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), we held—and later cases have reaffirmed—that no *ex post facto* violation occurs when a district court uses the current Guidelines manual instead of the version in effect at the time of the offense, because the Guidelines are merely advisory and not mandatory. *Id.* at 795 ("We conclude that the ex post facto clause should apply only to laws and regulations that bind rather than advise . . . ."). Olson's attempt to undermine *Demaree* is unpersuasive. It was not improper for the district court to use the 2006 Guidelines; indeed, our cases specify that sentencing courts *should* use the version of the Guidelines in effect at the time of sentencing. See, *e.g., United States v. Anderson*, 517 F.3d 953, 960 n.1 (7th Cir. 2008).

Olson's second challenge to his sentence is more interesting, but equally unavailing. He asserts that "[e]ven if applying the 2006 guidelines to this case were not unconstitutional, it would still be unreasonable." He points out that the 2006 advisory Guidelines ranges are much greater than the statutory minima and maxima that applied in 2002, which the parties stipulated must apply in this case. In 2002, the statutory maximum for the manufacturing count was 240 months; but under the 2006 Guidelines, Olson's advisory range was 292 to 365 months—meaning that the starting point of the range was 4.5 years above the applicable statutory maximum. Olson contends that "[t]he application to Olson's sentence of a guideline which starts more than four years above the maximum possible penalty, and goes up from there, is simply unreasonable." Though we see some logic in his position, the circumstances of his sentencing lead us to disagree with him in the end. As the Government points out, the question we face is whether the sentence imposed was reasonable, not whether some other sentence might also be reasonable.

The record in this case shows that the district court carefully evaluated the Presentence Investigation Report, thoroughly walked through its analysis of the applicable Guidelines, and extensively considered the totality of Olson's particular circumstances, as required by 18 U.S.C. § 3553(a). Once the court had considered all of these factors, the resulting advisory Guidelines range that it calculated (235 to 293 months) actually started *below* the 2002 statutory maximum, even using the 2006 Guidelines manual. Moreover, the sentence that the court chose neither exceeded the statutory maximum nor went outside of the properly calculated Guidelines range. Such a sentence is entitled to a presumption of reasonableness on appellate review, *Rita v. United States*, 127 S.Ct.

2456 (2007); *United States v. Haskins*, 511 F.3d 688, 695 (7th Cir. 2007), and Olson has not rebutted that presumption. We conclude that Olson's sentence was neither unconstitutional nor unreasonable.

\* \* \*

The judgment of the district court is AFFIRMED.